IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID ATKINSON<br>*Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO. 5:25-cv-00166 |
| NATIONWIDE MUTUAL<br>INSURANCE COMPANY<br>*Defendant.* | § § § § § | |

## NOTICE OF REMOVAL

Defendant Nationwide Mutual Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *David Atkinson v. Nationwide Mutual Insurance Company*; Cause No. 2025CI01254; In the 57th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

1. Plaintiff David Atkinson (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 2025CI01254; In the 57th Judicial District of Bexar County, Texas on January 17, 2025 (the "State Court Action"). *See* Plaintiff's Original Petition with Citation, attached as **Exhibit A**.

2. Defendant appeared and answered on February 14, 2025, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state

court file has been requested and will be filed upon receipt. The State Court Action docket sheet is attached as **Exhibit C**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 57th Judicial District of Bexar County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

7. Plaintiff has pled that he "is an individual domiciled in Bexar County, Texas." *See* **Exhibit A**, Plaintiff's Original Petition with Citation, at ¶ 2. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Defendant Nationwide Mutual Insurance Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

B.     **Amount in Controversy**

10.    The amount in controversy in this case exceeds $75,000 rendering removal under 28 U.S.C. § 1332 proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Puckitt*, 2010 WL 2635626, at *3 (citing *Allen*, 63 F.3d at 1335).

11.    Here, Plaintiff's Original Petition seeks "monetary relief of $250,000.00 or less, excluding damages interest, statutory or punitive damages and penalties, and attorney's fees and costs." **Exhibit A**, Plaintiff's Original Petition with Citation, at ¶ 4. However, Plaintiff sent a pre-suit demand letter in which he claimed actual damages in the amount of $41,955.15. **Exhibit D**, Plaintiff's November 4, 2024 demand letter. The letter also threatened that if the entire demand was not paid and suit was filed, Plaintiff's demand would be withdrawn and the new demand would be $128,865.45, which would "include damages for bad faith, violations of the insurance code as well as attorney fees and interest." *Id.* Therefore, Plaintiff's post-suit demand of $128,865.45 satisfies the amount in controversy requirement.

12.    Moreover, in this suit, Plaintiff seeks treble damages for alleged knowing conduct under the Texas Insurance Code. **Exhibit A,** Plaintiff's Original Petition with Citation, at ¶ 64. A trebling of $41,955.15 equals $125,865.45 and satisfies the amount in controversy requirement. The trebling of alleged actual damages is sufficient to establish the amount in controversy

requirement for diversity jurisdiction. *See Martinez v. Allstate Tex. Lloyd's*, No EP-16-CV-337-DCG, 2016 U.S. Dist. LEXIS 162408, at *16 -*17 (W.D. Tex. Nov, 22, 2016) (denying Plaintiff's motion to remand when the trebling of Plaintiff's actual damages exceeded $75,000); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920 at *7 - *8 (S.D. Tex. Feb. 18, 2016) (same); *Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 U.S. Dist. LEXIS 59599, at *14-*15 (S.D. Tex. June 16, 2010) (same).

13. Last, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Plaintiff also seeks damages for statutory benefits, treble damages, exemplary and punitive damages, pre- and post-judgment interest, and attorneys' fees. **Exhibit A**, Plaintiff's Original Petition with Citation, at § – Prayer. Therefore, the allegations in Plaintiff's pre-suit demand letter coupled with the types of damages sought in his Original Petition make clear that the threshold for diversity jurisdiction, $75,000, is established.

14. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

15. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

16. WHEREFORE, Defendant Nationwide Mutual Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 14th day of February, 2025 to:

| | |
|---|---|
| David M. Buergler<br>Shaun W. Hodge<br>The Hodge Law Firm, PLLC<br>The Historic Runge House<br>1301 Market St.<br>Galveston, Texas 77550<br>dbuergler@hodgefirm.com<br>shodge@hodgefirm.com | ***#9414 7266 9904 2224 3292 45*** |

*/s/ Patrick M. Kemp*
Patrick M. Kemp

5